IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN J. MARTINEZ,

    Plaintiff,

v.                                                                               CV 09-04 CEG

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Stephen J. Martinez ("Mr. Martinez" or "Plaintiff") brought this action seeking judicial review of the denial of his claim for a period of disability, Title II Disability Insurance Benefits, and Child's Insurance Benefits. This matter is before me now on Mr. Martinez's "Motion to Reverse and Remand for a Rehearing." See docket no. 20. Because the Commissioner's decision at step five is supported by substantial evidence, I find the motion should be denied.

### Standard of Review

In reviewing the agency's decision, the Court must "'determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.'" Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (quoting Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotations omitted). "[A] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Id. (internal quotation omitted). The Court must meticulously examine the record to determine whether substantial evidence supports the Administrative Law Judge's ("ALJ") decision. Id. In

conducting such an examination, the Court must take into account anything in the record that "fairly detracts" from the evidence supporting the ALJ's decision. Id. Moreover, "[t]he agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal." Id.

## The Sequential Evaluation Process

"To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423 (d)(1)(A)). The Social Security Administration employs a "five-step sequential evaluation process to determine disability." Barnhart v. Thomas, 540 U.S. 20, 24 (2003). At step one of the process, the claimant must show that he is not working at a substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) and 416.920(b). At step two, the claimant must show that he has an impairment, or combination of impairments, that are severe enough to significantly limit his ability to do basic work activities. See 20 C.F.R. §§ 404.1520(c) and 416.920(c). At step three, it is the claimant's burden to show that the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. If the claimant's impairment or combination of impairments meets or medically equals the criteria of a listing and meets the duration requirement, the claimant is disabled. If it does not, the analysis proceeds to the next step. At step four, the ALJ must determine the claimant's residual functional capacity ("RFC") and consider, in light of this RFC, whether the claimant retains the ability to perform past relevant work. See 20 C.F.R. §§ 404.1520(e) and 416.920(e). An individual's RFC is his ability to do physical and mental work activities on a sustained basis

despite limitations from his impairments.  See id.; 20 C.F.R. § 404.1545.

The claimant bears the burden of proof throughout the first four steps of the sequential evaluation process.  At step five, however, the "burden shifts to the Secretary to show that the claimant retains the RFC to do other work that exists in the national economy."  Thompson, 987 F.2d at 1487.  "How the ALJ should proceed on step five to make the ultimate determination that the claimant is disabled or not depends on whether the claimant alleges an exertional impairment (strength-related), or non-exertional impairment (pain or mental problems), or both."  Id.

## Background

On April 7, 2006, Plaintiff filed applications for a period of disability, Disability Insurance Benefits, and Child's Insurance Benefits.  See Administrative Record ("AR") at 10, 29, and 118-130.  In his applications, Mr. Martinez alleged disability beginning September 30, 2002.  Id.  The claims were denied initially on May 24, 2006, and upon reconsideration on September 19, 2006.  Id. at 42-44 and 47-50.  After the adverse decisions by the Commissioner of Social Security, Plaintiff requested and was granted a hearing before an ALJ.  Id. at 32-33.  On January 9, 2008, Mr. Martinez appeared, with an attorney, before ALJ Ben Willner.  Id. at 436-467.  At the hearing, the ALJ took testimony from Mr. Martinez, who was 24 years old at the time.  Id.  On June 9, 2008, the ALJ issued an unfavorable decision denying Mr. Martinez's claim.  Id. at 10-18.  On November 8, 2008, the Appeals Council denied Plaintiff's request for review, making the ALJ's June 9, 2008 decision the Commissioner's final decision.  Id. at 3-6.

In the Commissioner's final decision, the ALJ first revealed that Plaintiff had filed an application for Supplemental Security Income ("SSI") on April 7, 2006, which was granted with disability onset of April 1, 2006, and that the ALJ did "not want to disturb the Title XVI allowance."  Id. at 11.  The ALJ next indicated that Mr. Martinez attained age 22 on January 13,

2005, the day before his 22nd birthday. Id. at 12 (citing 20 C.F.R. § 404.102). The ALJ stated Plaintiff had last met the insured status requirements for entitlement to a period of disability and Disability Insurance Benefits on March 31, 2004. Id. The ALJ noted that since the date Plaintiff attained age 22 is after the date he last met the insured status requirements, consideration was given to the issue of Plaintiff's disability until the date he attained age 22. Id.

Moving on to step one of the sequential evaluation process, the ALJ found Mr. Martinez had not engaged in substantial gainful activity since September 30, 2002, the alleged onset date. Id. (citing 20 C.F.R. §§ 404.1520(b) and 404.1571 et seq.). The ALJ indicated at step two that, prior to attaining age 22, Mr. Martinez suffered from the following severe impairment: back disorder secondary to degenerative disc disease. Id. (citing 20 C.F.R. § 404.1520(c)). At step three, the ALJ found that prior to attaining age 22, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 13-17. At step four, the ALJ determined "[a]fter careful consideration of the entire record" that prior to attaining age 22, Mr. Martinez had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except for frequent balancing, stooping, kneeling, crouching, and crawling, or climbing of ramps, stairs, ladders, ropes, or scaffolds. Id. at 13. The ALJ indicated that Plaintiff was unable to perform any of his past relevant work. Id. at 17 (citing 20 C.F.R. § 404.1565). Therefore, the ALJ went on to conduct step five findings. Id. at 17-18. At step five, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed prior to January 13, 2005. Id. Ultimately, the ALJ found Plaintiff was not under a disability as defined in the Social Security Act at any time prior to January 13, 2005, the date he attained age 22. Id. at 18 (citing 20 C.F.R. §§ 404.350(a)(5) and 404.1520(g)).

On January 5, 2009, Mr. Martinez filed an appeal in this Court. See docket no. 1. In Plaintiff's Motion to Reverse and Remand for a Rehearing, he alleges the administrative decision contains multiple errors. See docket no. 20. Specifically, Mr. Martinez argues: (i) the ALJ's finding that Mr. Martinez's mental impairments were not severe, and did not cause functional limitations, was error; (ii) the ALJ's RFC finding for light work is contrary to substantial evidence; and (iii) the ALJ's pain assessment is contrary to the evidence and the law. Id. at 4-19. On July 14, 2009, the Commissioner filed a response to Mr. Martinez's motion, arguing the ALJ applied the correct legal standards and his decision is supported by substantial evidence. See docket no. 15. On July 27, 2009, Plaintiff filed a reply to Defendant's response. See docket no. 23.

## Analysis

### A. Non-Severe Mental Impairments

Mr. Martinez first argues that the ALJ's failure to include any limitations from alleged mental impairments in his RFC determination constitutes reversible error. See docket no. 20 at 4. Plaintiff cites to portions of the medical record in arguing that his mental functioning had a substantial impact on his RFC. Id. at 4-8. Plaintiff contends the ALJ should have given considerable weight to medical opinions issued after the date last insured and should have more fully developed the record. Id. at 8-11. Finally, Mr. Martinez states the ALJ "attempted to skirt his duty to rely on the expertise of the vocational expert" by using the grid as a framework without a vocational expert and by stating that the "additional limitations" Plaintiff allegedly suffered from "have little or no effect on the occupational base of unskilled light work." Id. at 11.

Before determining that Plaintiff did not have a medically determinable mental

impairment, the ALJ recognized that, during the relevant period, Plaintiff was not treated or diagnosed with a mental impairment. See AR at 13. In fact, over a year after the relevant period, Plaintiff acknowledged that he had never seen a mental health specialist for his alleged mental difficulties. Id. at 202. Mr. Martinez also admitted that he had not undergone a psychiatric evaluation, counseling, or therapy during the relevant period. Id. at 199-200. A lack of regular and consistent medical treatment contradicts a claimant's allegation of a mental condition that limited his ability to work. See Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). Additionally, Plaintiff reported that he stopped working in September 2002 due to his back injury, not because of mental difficulties. See AR at 119. Plaintiff also indicated that he attended college as a full-time student during the relevant period and also attended a real estate school class. See id. at 81, 132, 223, and 443-44. The Court finds Plaintiff's ability to attend school during the relevant period detracts from his allegation of disability due to mental problems. See Markham v. Califano, 601 F.2d 533, 534 (10th Cir. 1979).

Further, in his application materials, Plaintiff admits that he remained active during the relevant period. See AR at 77-81. The ALJ properly considered these activities in determining whether Mr. Martinez was disabled, including: Plaintiff running errands for his mother, feeding and walking the dogs, preparing meals, doing laundry, washing dishes, driving, shopping, and visiting with family and friends. See id. Plaintiff also explained that he needed no special reminders to care for his personal needs and could follow step-by-step instruction, in addition to indicating that he interacted well with authority figures and handled stress and changes in routine "very well." Id. at 83. The Court notes that it is proper for the ALJ to consider a claimant's activities with other evidence to support his finding of no disability. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988).

Plaintiff cites to other evidence from after the relevant period in an attempt to establish that he had a medically determinable mental impairment before January 14, 2005; however, this evidence does not provide proof of a mental impairment during the relevant period that resulted from anatomical, physiological, or psychological abnormalities shown by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1508. At the end of July 2005, Plaintiff reported being "somewhat depressed" over his situation, but did not report chronic problems with depression or anxiety since his 2002 accident. See AR at 234. Plaintiff's statements are not sufficient to establish that Plaintiff had a mental impairment during the relevant period. See 20 C.F.R. § 404.1528(a). Additionally, as to Plaintiff's argument that the ALJ did not properly develop the record as it relates to his mental impairments, the Court finds the ALJ met his basic duty to fully and develop the record as to the material issues and properly evaluated the record as a whole in finding Plaintiff not disabled. See Baca v. Dep't of Health & Human Servs., 5 F.3d 476, 479-80 (10th Cir. 1993). In this case, Plaintiff's administrative attorney made no effort at the administrative hearing to identify the need to further develop the record regarding any mental conditions and there is no need for the ALJ to further develop the record when claimant's counsel did not request further development of the record. See Cowan v. Astrue, 552 F.3d 1182, 1187-88 (10th Cir. 2008).

The Court finds the ALJ properly considered the evidence of record and properly determined that Plaintiff did not have a medically determinable mental impairment during the relevant period. A review of the ALJ's decision reveals the ALJ carefully considered "all of the evidence" of record. See AR at 10, 12. When the ALJ states that he considered all the evidence of record, a reviewing court may not assume otherwise. See Hamilton v. Sec'y of Health & Human Servs., 961 F.2d 1495, 1498-99 (10th Cir. 1992). In this case, the ALJ reviewed

Plaintiff's medical records, which confirmed that Plaintiff had not been diagnosed or treated for a mental impairment during the relevant period. See AR at 12-17. The evidence in the record does not establish a "reasonable probability" of the existence of a mental disability during the relevant period, and because the record was properly developed and sufficient for the ALJ to evaluate Mr. Martinez's alleged impairments and determine whether he was disabled, I find Plaintiff's first claim fails.

**B. ALJ's RFC Determination**

Mr. Martinez next contends the ALJ's RFC finding that Plaintiff could perform light work, except that he could not perform frequent balancing, stooping, kneeling, crouching, crawling or climbing of ramps, stairs, ladders, ropes, or scaffolds "is unsupported by the medical records from the relevant time period, which is between September 2002 and March 2006." Docket no. 20 at 12. Plaintiff cites to portions of the medical record in arguing there were "ample clinical findings to support Mr. Martinez's claim that he can perform neither prolonged sitting or standing." Id. at 12-14. Mr. Martinez alleges the "ALJ clearly erred by finding that Mr. Martinez could perform the walking, standing, and sitting that light (and sedentary) work requires" and that the ALJ "should have called" a vocational expert to testify. Id. at 15.

Substantial evidence is more than a mere scintilla but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Campbell v. Bowen, 822 F.2d 1518, 1522 (10th Cir. 1987). In this case, the ALJ properly determined that Mr. Martinez had an RFC for a limited range of light work activity and substantial evidence supports this finding. It is well-settled that the Court is precluded from re-weighing the evidence or substituting its own judgment for that of the Commissioner. See Hamilton, 961 F.2d at 1500.

As stated above, the ALJ stated that he carefully considered all the evidence of record. See AR at 10 and 12. A review of the ALJ's decision shows that he did in fact discuss the medical evidence, Plaintiff's complaints, and Plaintiff's activities. See id. at 12-17. The ALJ found that Plaintiff initially injured his back in August 2001 and "fully recovered" from this injury until it was exacerbated by his September 2002 car accident. Id. at 14-15, 136, and 158. The ALJ also indicated that Mr. Martinez was treated conservatively for his back condition, with no recommendation from his doctors for surgery. See id. at 12-17, 223, and 243. The need for only conservative treatment contradicts allegations of disability. See Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005). Overall, Plaintiff's objective testing, including multiple magnetic resonance images ("MRIs"), showed that Plaintiff had a "very small" or "mild" disc herniation/bulge at L5-S1 that abutted his thecal sac but did not cause any stenosis. Id. at 136, 217, 243, and 250. Additionally, Plaintiff's cervical MRI was unremarkable. See id. at 249. Dr. Michael E. McCutcheon identified Plaintiff's neck MRI as "absolutely normal" despite Plaintiff's subjective complaints. Id. at 12-17 and 243. Dr. Jay Jacobi found that Plaintiff's cervical and lumbar MRIs were "not very remarkable." Id. at 227 and 234. The record also shows Plaintiff made progress with conservative treatment and Plaintiff's treatment records show that he was not in acute distress. See id. at 12-17, 136, 151-53, 162, 168, and 217. In fact, as noted above, Plaintiff returned to college as a full-time student during the relevant period. See id. at 12-17, 132, and 223.

In addition to the above evidence, the record indicates that Mr. Martinez's upper extremity functioning was normal and his lower extremities were also normal with no limping. See id. at 160. Likewise, Plaintiff had normal sensation and normal reflexes. See id. The ALJ also acknowledged that further testing showed Mr. Martinez had a full range of motion in his

9

neck without tenderness, normal motor function in his upper and lower extremities, normal reflexes and sensation, full lateral flexion, and fairly good back flexion as he could bend to eight inches from the floor.  Id. at 16 and 229.  Other testing showed Plaintiff had full range of motion in his back and could touch his toes.  See id. at 234.

Furthermore, the ALJ considered Plaintiff's activities and the opinions of the State Agency physicians, who also reviewed the medical evidence of record.  See id. at 12-17.  As noted above, Plaintiff acknowledged in his application materials that he remained fairly active, including running errands for his motion, feeding and walking the dogs, preparing meals, doing laundry, washing dishes, driving, shopping, and visiting with family and friends.  See id. at 77-81.  The ALJ acknowledged Plaintiff did have complaints of pain, but noted Mr. Martinez also cared for his personal needs.  See id. at 78.  It is proper for the ALJ to consider a claimant's activities with other evidence to support his finding of no disability.  See Gossett, 862 F.2d at 807.  As for the state agency physicians' opinions, Dr. N. D. Nickerson found that Plaintiff could perform medium work with frequent postural functioning as long as he avoided concentrated exposure to cold, hazardous machinery, and heights.  See id. at 205-12.  Dr. Lloyd Schneiderman, another state agency physician, also reviewed the record and determined that Plaintiff had no significant exertional limitations during the relevant period.  See id. at 214.  While these state agency physicians are "highly qualified" experts in evaluation of disability claims and their opinions should be treated as expert opinion evidence, the ALJ did not rely solely on their opinions.  See id. at 16.  See also Social Security Ruling ("SSR") 96-6p and 20 C.F.R. § 404.1527(f).  Rather, the ALJ fully complied with the regulations and relevant case law by considering "all" the medical and non-medical evidence before determining that Plaintiff had an RFC to perform a limited range of light work activity.  See id. at 17 and 20-22.  The Court

therefore finds vocational expert testimony was not needed at the hearing to confirm or support the ALJ's findings. As such, Mr. Martinez's second claim also fails.

**C. ALJ's Pain Assessment**

Finally, Plaintiff contends the ALJ's pain assessment was contrary to the evidence and the law. See docket no. 20 at 15-19. Mr. Martinez maintains that "[i]f the only evidence supporting the ALJ's credibility determination is that the claimant's pain is out of proportion to the clinical findings, the credibility determination is suspect." Id. at 15 (citing Thompson v. Sullivan, 987 F.2d 1482, 1489-90 (10th Cir. 1993)). Plaintiff acknowledges that this Court must give deference to the ALJ's credibility finding, but argues "such deference is not an absolute rule," and requests that the Court remand the case for the ALJ to make a new credibility determination. See id. at 18 and 19.

Credibility determinations are particularly within the province of the ALJ who considered the claimant's testimony at the hearing and compared it to the record. See Qualls v. Apfel, 206 F.3d 1368, 1372-73 (10th Cir. 2000). The Court is not permitted to substitute its own judgment for that of the ALJ's. See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). As the Tenth Circuit has held:

> The ALJ enjoys an institutional advantage in making credibility determinations. Not only does an ALJ see far more Social Security cases than do appellate judges, the ALJ is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion. As a result, the ALJ's credibility findings warrant particular deference.

White v. Barnhart, 287 F.3d 903, 910 (10th Cir. 2001).

In this case, the ALJ did not question that Plaintiff had a severe back impairment during

the relevant time; rather, he questioned the extent of Mr. Martinez's alleged limitations. See AR at 12-17. The Court finds the ALJ properly evaluated Plaintiff's subjective complaints as he considered the "entire record" – including Plaintiff's daily activities, the location, frequency, and intensity of his complaints, his attempts to obtain treatment, the objective medical evidence of record, his medication, and inconsistencies in the record – before concluding that Plaintiff was not entirely credible. See id. The Court notes the ALJ also recognized that none of Plaintiff's treating physicians offered opinions of functional limitations that would preclude work activity. See id. at 16. Based on a review of the entire record, the Court concludes the ALJ properly found that Plaintiff's complaints of disabling impairments were not fully credible. Thus, the Court finds Plaintiff's third claim also fails.

**D.  Summary**

I cannot conclude that the ALJ erred in determining Mr. Martinez could perform a limited range of light work activity after recognizing that he did have a severe impairment that resulted in various limitations. The ALJ's handling of the case is supported by substantial evidence and the ALJ's decision comports with relevant legal standards. Even if the ALJ did not discuss all the evidence to Plaintiff's satisfaction, he was not required to discuss every piece of evidence in the record, and his decision reflects consideration of both the objective and subjective evidence he relied upon and the probative evidence he rejected. See Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996). Because the ALJ's determination is supported by more than a scintilla of evidence and was reached through applying proper legal standards, his findings are conclusive. I am not permitted to reweigh the evidence or substitute my own judgment for the ALJ's. See Glass, 43 F.3d at 1395; Casias, 933 F.2d 799, 800 (10th Cir. 1991).

**Conclusion**

For the reasons set forth above, Mr. Martinez's Motion to Reverse and Remand for a Rehearing (docket no. 20) is **DENIED**.  **IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE